UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND BLAJ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.,<br><br>    Defendants. | Case No.  13-cv-04075-MMC   (KAW)<br><br>**ORDER REGARDING APRIL 30, 2014 JOINT DISCOVERY LETTER**<br><br>(Dkt. No. 34) |

On March 25, 2014, Defendant Unum Life Insurance filed a motion for protective order. (Dkt. No. 31.) On April 2, 2014, this action was referred to U.S. Magistrate Judge Kandis A. Westmore for all discovery purposes. On April 7, 2014, the Court terminated the motion and ordered the parties to meet and confer and to file a joint letter if they were unable to resolve the discovery dispute informally. (Dkt. No. 33.)

On April 30, 2014, the parties filed a joint discovery letter, in which Defendant seeks a protective order against Plaintiff's discovery on the grounds that the district court's *de novo* review of Employee Retirement Income Security Act of 1974 ("ERISA") actions result in strict discovery limitations. (4/30/2014 Joint Letter, "Joint Letter," Dkt. No. 34 at 2.)

Upon review of the joint letter, the Court finds that this matter is deemed suitable for disposition without hearing pursuant to Civil L.R. 7-1(b), and GRANTS IN PART AND DENIES IN PART Defendant's motion for protective order.

## I. BACKGROUND

Plaintiff was a procurement manager at Gemfire Corporation until he filed a long-term disability claim ("LTD") with Unum in January 2010 for "severe, intractable migraine headaches." (Joint Letter at 1-2.) In October 2012, Unum terminated Plaintiff's insurance coverage despite an

alleged lack of evidence of improvement. (Joint Letter at 2.) Unum contends that its investigation of the claim revealed that Plaintiff was driving his children to school, exercising regularly, and spent two hours per day playing with his children. (Joint Letter at 1.) Based on numerous inconsistencies, and the opinions of peer reviewers, "Unum concluded that Plaintiff's claimed impairment did not prevent him from working." *Id.* Thereafter, Plaintiff filed an ERISA claim alleging that his disability insurance was improperly terminated. *Id.*

On February 24, 2014, Plaintiff propounded requests for production of documents, noticed depositions for those Unum employees involved with the claim, and also noticed a Rule 30(b)(6) deposition to Unum. (*See* Joint Letter, Exs. 1-3.) On March 25, 2014, Defendant filed a motion for a protective order. (Dkt. No. 31.) Discovery in this matter was referred to the undersigned and the parties were ordered to further meet and confer and file a joint letter if they still required court intervention. On April 30, 2014, the parties filed the joint discovery letter presently before the court.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) governs the process for obtaining a protective order:
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> ...
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters....

Fed. R. Civ. P. 26(c)(1).

In conducting a *de novo* review of an ERISA plan's denial of benefits, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). Thus, under the *de novo* review standard, a district court should determine whether the plaintiff is entitled to benefits based on the evidence in the administrative record, and evidence outside the

administrative record may only be considered in "certain limited circumstances." *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007). "[A] district court should exercise its discretion to consider evidence outside of the administrative record only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Id.* at 1217 (emphasis in original and quotation marks omitted). The non-exhaustive list of exceptional circumstances where extrinsic evidence could be considered necessary includes:

> "[C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process."

*Id.* (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993) (en banc)). In adopting *Quesinberry,* the Ninth Circuit has warned "that 'a district court should not take additional evidence merely because someone at a later time comes up with new evidence' and that '[i]n most cases' only the evidence that was before the plan administrator at the time of determination should be considered." *Opeta,* 484 F.3d at 1217 (quoting *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995)).

The Ninth Circuit's *Opeta* decision concerned the admissibility, rather than the discoverability, of extrinsic evidence. 484 F.3d at 1217. Nevertheless, courts in this district have held that "in light of *Opeta*'s limits on admissibility of evidence in *de novo* cases and the ERISA's policy of keeping proceedings inexpensive and expeditious, it is appropriate to place similar limits on discovery." *Rowell v. Aviza Tech. Health & Welfare Plan*, No. C-10-5656 PSG, 2012 U.S. Dist. LEXIS 16957, at \*13-14 n.26 (N.D. Cal. Feb. 10, 2012); *accord Knopp v. Life Ins. Co. of N. Am.*, No. C-09-0452 CRB (EMC), 2009 U.S. Dist. LEXIS 120267, at \*7 (N.D. Cal. Dec. 28, 2009); *Polnicky v. Liberty Life Assur. Co.*, 2014 U.S. Dist. LEXIS 29123, at \*3-6 (N.D. Cal. Mar. 5, 2014)

///

### III. DISCUSSION

Defendant seeks a protective order to preclude Plaintiff from obtaining deposition testimony and written discovery regarding his termination of disability benefits. (Joint Letter at 1-2.) Defendant contends that this information is not discoverable, because discovery in ERISA actions turns on more than the relevance analysis under Rule 26. *Id.* at 3.

#### A. Requests for Production of Documents/Notice of Deposition of Unum, Documents to be Produced[1]

The document requests at issue are Request Nos. 1-4, 6-9.

##### i. Request Nos. 1-4 and 9

Plaintiff summarizes that these requests pertain to documents comprising Plaintiff's insurance claim file, or administrative record, which Unum was obligated to provide upon request under ERISA. (Joint Letter at 6.)

Request No. 1 seeks portions of Plaintiff's file that have not yet been provided. (Joint Letter, Ex. 1 at 3.) Plaintiff is entitled to his file, which is necessary to prosecute this action, so to the extent that all documents have not been provided, Unum must produce them. If Unum has already provided Plaintiff's entire file, it should respond by stating that all documents have been produced.

Request No. 2 seeks "all DOCUMENTS evidencing any and all COMMUNICATION between YOU, GEMFIRE, PLAINTIFF, and/or any third party regarding the PLAN and PLAINTIFF'S CLAIM, including any electronic information or COMMUNICATION." (Joint Letter, Ex. 1 at 3.) Plaintiff does not address in the joint letter why it requires information responsive to this request. The Court is not convinced that this information is necessary for the resolution of this case given the *de novo* standard of review, and so Unum's request for a protective order is granted as to Request No. 2.

Request Nos. 3 and 4 seek Unum's claim handling procedures and guidelines. (Joint Letter at 6; Ex. 1 at 3.) Plaintiff contends that production of this information is required upon request in

---

[1] The Requests for Production and the Documents to be Produced at Unum's 30(b)(6) Deposition are identical. To the extent that the Court orders production, Unum is only required to respond to the Requests for Production.

4

1  ERISA actions. (Joint Letter at 6.)  Plaintiff is correct, but only as to those documents relied upon
2  by the claims administrator, which is what is sought by Request Nos. 3 and 4. *See* 29 C.F.R. §
3  2560.503–1(g)(v)(A)("If an internal rule, guideline, protocol, or other similar criterion was relied
4  upon in making the adverse determination, ... a copy of such rule, guideline, protocol, or other
5  criterion will be provided free of charge to the claimant upon request."); *see Knopp v. Life Ins. Co.*
6  *of N. Am.,* 2009 U.S. Dist. LEXIS 120267, at *11 (N.D. Cal. Dec. 28, 2009).  As Unum is required
7  to produce this information, to the extent that it has not done so, the request for protective order is
8  denied, and Unum shall produce Plaintiff's insurance claim file and a copy of any guidelines,
9  procedures or rules that were applied to Plaintiff's claim.  To the extent that Unum has already
10 produced all responsive documents, it must merely state that all such documents have been
11 produced.

12      Request No. 9 seeks "attorney client COMMUNICATION and attorney memoranda,
13 guidelines and opinions regarding the CLAIM at any time before the adverse decision made on
14 October 29, 2012." (Joint Letter, Ex. 1 at 5.)  Plaintiff relies on *Stephan v. Unum Life Insurance*
15 *Company of America*, 697 F.3d 917, 931-33 (9th Cir. Cal. 2012), in support of his position that the
16 fiduciary exception to privilege applies to ERISA plans, thereby rendering the communications
17 discoverable.  *Stephan* is not instructive, however, because the standard of review in that case was
18 for an abuse of discretion rather than *de novo,* making relevant the issue of whether the
19 administrator had a conflict of interest. *Stephan,* 697 F.3d at 933-34. Plaintiff also cites *Caldwell*
20 *v. Facet Retiree Med. Plan,* 2014 U.S. Dist. LEXIS 46998, at *13-14 (N.D. Cal. Apr. 3, 2014), in
21 support of his need for additional discovery. (Joint Letter at 7.)  *Caldwell,* however, involved the
22 resolution of one threshold issue, the validity of the Plan's amendment, and so is inapposite. 2014
23 U.S. Dist. LEXIS 46998, at *12-13.

24      Thus, since this case is being reviewed *de novo,* any opinions or memoranda regarding
25 Plaintiff's claim are irrelevant, because any credibility regarding the claim determination is not at
26 issue under the *de novo* standard of review. *See Polnicky*, 2014 U.S. Dist. LEXIS 29123, at *11-
27 12. Accordingly, Unum's request for a protective order as to Request No. 9 is granted.
28 ///

### ii. Requests Nos. 6-8

Request Nos. 6-8 seek information pertaining to performance evaluations, service agreements and compensation for Unum employees. (Joint Letter, Ex. 1 at 4.) Plaintiff claims that this information relates to bias and alleges that Unum's "reviewing doctors cherry-picked the medical records and ignored the unrefuted evidence of intractable severe migraines." (Joint Letter at 7-8.) Defendant contends that Plaintiff's allegations of bias is not a basis for discovery and cites *Polnicky*. (Joint Letter at 4.) As in *Polnicky*, Plaintiff does not question the doctors' qualifications or credibility, rather he claims that they cherry-picked the medical records in making their findings. *See Polnicky*, 2014 U.S. Dist. LEXIS 29123, at *8. The test under *Mongeluzo* is "whether each piece of extrinsic evidence was necessary for the district court to conduct an adequate *de novo* review." *Opeta*, 484 F.3d at 1218. The medical records and the doctors' reports are presumably part of the administrative record, so the district court will be able to identify whether certain medical records were cherry-picked during its *de novo* review.

Further, several district courts in this circuit have found that receiving compensation for performing medical reviews is insufficient by itself to be probative of bias. *See, e.g., Polnicky,* 2014 U.S. Dist. LEXIS 29123, at *7. In the absence of concrete allegations pertaining to qualifications or credibility, the district court will not find an exceptional circumstance warranting additional discovery. *Brice v. Life Ins. Co. of N. Am.*, 2011 U.S. Dist. LEXIS 77525, at *8 (N.D. Cal. July 18, 2011) (citing *Opeta,* 484 F.3d at 1217).

Thus, the district court does not require any information regarding performance evaluations, service contracts, or compensation for Unum employees, because the opinions of those individuals are not afforded any deference in this action. Accordingly, Unum's request for a protective order as to Request Nos. 6-8 is granted.

### B. Deposition Notices

Plaintiff seeks to depose four of the benefits specialists to investigate "any additional procedural irregularities that have affected the integrity of the current administrative record." (Joint Letter at 7, Ex. C.) Plaintiff further served a Rule 30(b)(6) deposition notice to Unum for documents (Joint Letter at 7, Ex. B.)

6

*Quesinberry* provides that courts should not admit extrinsic evidence "except where the district court finds that additional evidence is necessary for resolution of the benefit claim." *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993). The non-exhaustive list of exceptional circumstances "may" warrant the consideration of extrinsic evidence rather than requiring the introduction of new evidence. *Id.* at 1027. A bare showing of relevancy is not sufficient. *Knopp*, 2009 U.S. Dist. LEXIS 120267, at *3; *Brice,* 2011 U.S. Dist. LEXIS 77525, at *8.

As an initial matter, Plaintiff fails to articulate what information he seeks to obtain by way of deposition. Nonetheless, Plaintiff claims that the *Quesinberry* factors favor allowing the depositions to go forward, including the credibility of medical experts, information regarding the interpretation of the plan, and additional evidence that the claimant could not have presented in the administrative process. (Joint Letter at 9.) As discussed above, Plaintiff does not make any allegations regarding a conflict of interest that would require additional discovery, as the district court is undoubtedly aware that the claims administrators and doctors were being compensated by Unum. *See* discussion *supra* Part III.A.ii.

Further, Plaintiff only vaguely identifies that there are potential procedural irregularities that may have affected the integrity of the current administrative record. (Joint Letter at 8.) Without more, the court will not allow the depositions to go forward. There simply is no indication at this juncture that there were any procedural irregularities, and the court is not persuaded by Plaintiff's position that the Ninth Circuit has acknowledged the value of Rule 30(b)(6) depositions in ERISA matters, as *Eisner,* a district court case, only allowed a Rule 30(b)(6) deposition to go forward "regarding Prudential's compliance with its document production obligations" and denied the plaintiff's request to explore other topics. *Eisner v. Prudential Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 65090, at *12 (N.D. Cal. May 3, 2013). In making his argument, Plaintiff advocates a much broader reading of *Quesinberry* than has generally been afforded by courts in this district, and the undersigned is not convinced that the district court cannot properly resolve the case on the administrative record without the need to burden the parties with additional delay and expense. (*See* Joint Letter at 8-9.)

7

1    Unum's responses to Requests For Production Nos. 1, 3-4 should be sufficient to confirm

2    that it has complied with its document production obligations. Should Plaintiff identify actual

3    irregularities after he obtains additional discovery in response to his document requests, which

4    should result in a complete administrative record, the parties shall meet and confer to discuss

5    whether narrowly tailored depositions are warranted.

6    Lastly, Plaintiff has also failed to address what disagreement, if any, exists as to the

7    interpretation or validity of the Plan terms. Additional discovery is, therefore, unnecessary. *See*

8    *Caldwell*, 2014 U.S. Dist. LEXIS 46998, at *12-13 (additional discovery necessary to determine

9    validity of plan amendment).

10   Accordingly, Defendant's request for a protective order to prevent the depositions of the

11   individuals noticed and the Rule 30(b)(6) deposition is granted.

## IV.    CONCLUSION

13   In light of the foregoing, Defendant's request for protective order is granted as to Request

14   Nos. 2, 6-9, as well as to the deposition notices. Unum shall respond to Requests for Production

15   Nos. 1, 3-4 within 14 days of this order.

16   IT IS SO ORDERED.

17   Dated: June 16, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge